**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 22-62-DLB**

**WILLIAM CHARLES GRAHAM**                                                   **PETITIONER**

**v.**                     **MEMORANDUM OPINION AND ORDER**

**WARDEN GILLEY**                                                                      **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

William Charles Graham is an inmate confined at the federal penitentiary in Pine Knot, Kentucky. Graham has filed yet another *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Within that petition, Graham challenges his 2020 federal conviction for armed bank robbery, contending that he has satisfied the criminal judgment because the trial court accepted his "exemption" in exchange for his obligations under the criminal judgment. *Id*. at 9. Graham states that he has not challenged his conviction or sentence in any other proceeding. *Id*. at 3, 5, 15. Graham has not paid the five dollar filing fee or filed a motion to proceed *in forma pauperis*. Instead, he has filed a document he styles as a "Cash Bond." (Doc. # 1-4). The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

This action represents the sixth habeas corpus petition Graham has filed in this Court since December 2021. The five prior petitions have all been denied for numerous procedural deficiencies and/or because his claims are not cognizable in a petition filed under Section 2241. *See Graham v. Gomez*, No. 6:21-CV-191-KKC (E.D. Ky. Nov. 18,

2021); *Graham v. Landon*, No. 6:21-CV-202-KKC (E.D. Ky. Dec. 14, 2021); *Graham v. Landon*, No. 6:22-CV-9-DCR (E.D. Ky. Jan. 25, 2022); *Graham v. Gilley*, No. 6:22-CV-21-KKC (E.D. Ky. Feb. 7, 2022); *Graham v. Gilley*, No. 6:22-CV-57-DLB (E.D. Ky. Mar. 21, 2022). Shortly after Graham filed this petition, he filed a seventh petition also seeking relief under 28 U.S.C. § 2241. *Graham v. USA*, No. 6: 22-CV-67-WOB (E.D. Ky. 2022). In all seven of these cases, Graham made no effort to pay the required filing fee or he filed a similar "bond" in an effort to circumvent that obligation.

With respect to the filing fee owed in this case, the Court will order that fee to be immediately deducted from Graham's inmate account. As the Court has previously explained,

> The statements contained within [Graham's bond] are reminiscent of those used by persons who adhere to a set of ideas associated with the "sovereign citizen" movement. But those notions have no foundation in settled principles of American jurisprudence, and Graham's filing of this document does not relieve him of the responsibility for payment of the required filing fee.

*Graham*, No. 6:22-CV-21-KKC (Doc. # 4 therein at 3). In addition, Graham repeatedly stated in his petition that he had not previously challenged his conviction or sentence in another proceeding. (Doc. # 1 at 3, 5, 15). That statement is clearly and demonstrably false. The Court's online PACER database establishes that, in addition to several hundred *pro se* motions in his underlying criminal case and a direct appeal, Graham directly or indirectly challenged his conviction and sentence through eight interlocutory appeals or original proceedings in the Eighth Circuit Court of Appeals, six habeas corpus petitions or civil rights actions in the United States District Court for the District of Minnesota, and five prior habeas corpus petitions in this Court. Graham's affirmative misrepresentations in his petition provide ample justification to deny Graham *pauper*

2

status, if not to deny his petition outright. *Cf. Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) ("[The] failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal" as malicious); *Harris v. Warden*, 498 F. App'x 962, 965 (11th Cir. 2012) (holding that on form complaint that required disclosure of prior complaints, "simply writing or checking 'No' or 'Not Applicable' under all of the relevant questions" regarding prior suits warrants a finding of affirmative misrepresentation and dismissal for an abuse of the judicial process).

As for the substance of Graham's petition, his claim must be denied as both premature and for lack of jurisdiction to entertain it. As the Court explained in an earlier proceeding, Graham may not seek relief pursuant to 28 U.S.C. § 2241 while his request for relief under 28 U.S.C. § 2255 remains pending. Graham's recently-filed motion under § 2255 is now fully briefed, but the trial court has not yet ruled upon it. *See United States v. Graham*, No. 0:19-CR-185-SRN-KMM-2 (D. Minn. 2019) (Doc. # 597, 616, 629 therein). In that circumstance, he cannot make "even a colorable argument that his remedy under that section is 'inadequate and ineffective.'" *Graham*, No. 6:22-CV-21-KKC (Doc. # 4 therein at 3) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006)). Further, Graham's claim in this proceeding is not based upon an intervening Supreme Court decision which establishes that he stands convicted of a non-existent offense. His § 2241 petition must therefore be dismissed for lack of subject matter jurisdiction. *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Finally, the Court will direct Graham to show cause why sanctions should not be imposed for his seemingly endless and repetitive filing of frivolous petitions. While the Court affords some latitude to parties who are not educated or experienced in the eccentricities of the law or its practice, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), that forgiving approach has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). When a party repeatedly files frivolous lawsuits or motions, he abuses the right to represent himself without counsel, as well as the privilege of proceeding without payment of the filing fee. Such conduct imposes a heavy burden upon the limited resources of the Court at the expense of other litigants with potentially meritorious claims.

A court may take any and all necessary and appropriate steps to manage its docket, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), including entry of an order prospectively requiring the vexatious litigant to obtain permission from the Court before filing any new lawsuit, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.3d 222, 224 (6th Cir. 1989). That remedy is appropriate here. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). In addition, the Court anticipates entry of an order directing that any and all documents filed by Graham that are not specifically designated by him to be filed in one of the actions he previously filed shall be docketed in this case as miscellaneous correspondence pending further review by the Court.

Before entering such an order, the Court will afford Graham the opportunity to explain why these filing restrictions should not be imposed. *Cf. Metz v. Unizan Bank*, 655 F. 3d 485, 490 (6th Cir. 2011) ("... parties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'"). His response may be in the form of an explanation for past conduct in mitigation or to interpose factual or legal objections to the proposed restriction.

Therefore, within twenty-one (21) days Graham must file a written response in this case to show cause why the Court should not enter an Order requiring him to obtain prior permission from the Chief Judge of this Court before he may file any new habeas corpus petition or civil action in this Court. The Court will impose the restrictions described above if Graham fails to file a timely response or files a response that does not identify factually and legally sufficient grounds why the restrictions should not be imposed.

Accordingly, it is **ORDERED** as follows:

(1) The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to the warden of the institution in which Graham is currently confined;

(2) Graham's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Graham's inmate trust fund account if the amount in the account exceeds $10.00;

(3) William Graham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction; and

5

(4)     **Within twenty-one (21) days**, Graham shall **SHOW CAUSE** by filing a response stating why he believes the Court should not impose the filing restrictions described above.

This 7th day of April, 2022.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\PSO Orders\6- 22-62-DLB Memorandum .docx